IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PROGRESSIVE NORTHERN INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **CHAD WAINE WEBB;** | ) ) ) Case No. 11-CV-460-JHP |
| **BOYD ALLEN WEBB, II;** | ) ) |
| **OKLAHOMA CARGO TRANSPORT, L.P.;** | ) ) ) |
| and | ) ) |
| **HAROLD DEAN SPEED, JR., d/b/a SILVER DOLLAR BOATS** | ) ) ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court are Defendants Chad Wayne Webb, Boyd Allen Webb, II, and Oklahoma Cargo Transport, L.P.'s Combined Motion and Brief in Support of Motion to Dismiss,[1] and Plaintiff's Response to Chad Waine Webb, Boyd Allen Webb, II and Oklahoma Cargo Transport, L.P.'s Motion to Dismiss.[2] For the reasons below, Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

The instant cases arises from a commercial automobile insurance policy, which included a

---

[1] Docket No. 6.

[2] Docket No. 13. The Court notes from the outset that Plaintiff and Defendants use differing spellings of Defendant Chad Webb's middle name. When necessary, the court defers to spelling on the initial pleading.

Motor Truck Cargo Legal Liability Coverage Endorsement, between Plaintiff and Defendants Chad Wayne Webb, Boyd Allen Webb, II, and Oklahoma Cargo Transport, L.P. (The Webb Defendants).[3] At the center of this case is the alleged theft of a truck and trailer owned by the Webb Defendants, that was at the time transporting two 18' air boats owned by Defendant Speed from Speed's place of business in Hendrix, Oklahoma to Lafayette Louisiana.[4]  After the alleged theft, the Webb Defendants made a report to Plaintiff asserting claims for the truck and trailer under the policy and noting that Defendant Speed had expressed his intention to sue for the loss of the boats.[5] Plaintiff alleges the Webb Defendants have "knowingly made material representations, concealed material facts and/or engaged in fraudulent conduct in connection with their claim.[6] Plaintiff seeks judgement from this Court declaring that Plaintiff may deny all claims arising from the alleged theft pursuant to the terms of the insurance policy.[7] In response to Plaintiff's Complaint, the Webb Defendants filed the instant Motion to Dismiss alleging both lack of jurisdiction and failure to state a claim upon which relief can be granted.[8]

## DISCUSSION

Defendants primarily allege lack of jurisdiction due to Plaintiff's alleged failure to plead an amount in controversy in excess of the $75,000 jurisdictional minimum required by 28 U.S.C.

---

[3] *See* Complaint at 3, Docket No. 2.

[4] *Id.* at 4.

[5] *Id.* at 4.

[6] *Id.* at 13.

[7] *Id.*

[8] *See* Motion to Dismiss at 3, Docket No. 6.

§1332.[9] As always, "[f]ederal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it."[10] The jurisdictional grant of §1332 states "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."[11]

The uncontested record establishes that (1) Plaintiff is a corporation duly organized and existing under the laws of the state of Wisconsin with its principal place of business in a state other than Oklahoma, (2) Defendant Chad Waine Webb is a citizen of the State of Oklahoma and resides in Oklahoma, (3) Defendant Boyd Allen Webb, II is a Citizen of the State of Oklahoma and resides in Oklahoma, (4)Defendant Oklahoma Cargo Transport, L.P. is a limited partnership organized and existing under the laws of Oklahoma, in which all partners reside in Oklahoma, and (5) Defendant Harold Dean Speed, Jr. is a citizen of the State of Oklahoma and resides in Oklahoma.[12] Based on these undisputed facts there exists complete diversity between the Plaintiff and all Defendants. Thus, the only issue before the Court under §1332 is whether the amount in controversy exceeds $75,000.

The Tenth Circuit announced in *Laughlin v. Kmart Corp.* the framework by which courts should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint. . . .The burden is on the party requesting removal to set forth, in the notice

---

[9]*Id.* at 1.

[10]*Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994).

[11]28 U.S.C. § 1332(a)(1).

[12]Complaint at 1-2, Docket No. 2. *See also* 28 U.S.C. 1332(c)(1) ("For the purposes of [section 1332] and section 1441. ..a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"[13]

The amount in controversy must be affirmatively established on the face of the Complaint.[14] At a minimum, this jurisdictional amount must be shown by a preponderance of the evidence.[15]

Plaintiff's Complaint alleges that the Webb Defendants have asserted claims for the truck and trailer, and Plaintiff concedes that the amount of those claims totals $26,500.[16] Plaintiff's Complaint further alleges that the Webb Defendants have advised Plaintiff that Defendant Speed has voiced his intention to sue the Webb Defendants for the value of the missing boats, which is allegedly in excess of $100,000.[17]

Plaintiff's Complaint does not attempt, as alleged in Defendants' Motion to Dismiss, to combine the claims of the Webb Defendants and Defendant Speed in order to reach the jurisdictional minimum. Rather, Plaintiff's suit seeks a declaration of the Webb Defendants' rights under the disputed Policy.

Specifically, Plaintiff seeks to establish both (1) its duties to the Webb Defendants under the liability portion of the Policy and (2) its duties to the Webb Defendants should they require indemnification *vis a vis* the Motor Truck Cargo Legal Liability Coverage Endorsement, in any suit brought against the Webb Defendants by Defendant Speed for the loss of the boats.[18] Consequently,

---

[13]*Laughlin*, 50 F.3d 871, 873 (10th Cir.1995) (*quoting Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992)).

[14]*See, e.g., id.*

[15]*See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[16]Complaint at 4, Docket No. 2; Motion to Dismiss at 2, Docket No. 6.

[17]Complaint at 4, Docket No. 2.

[18]Defendant Speed is included as a necessary party in order to prevent relitigation of the coverage issues should Speed prevail against the Webb Defendants in a parallel or subsequent

the amount in controversy here is the amount of Plaintiff's potential liability to the Webb Defendants under the whole of the insurance contract. It is clear from the face of Plaintiff's Complaint that amount exceeds $100,000, therefore this case is sufficient to meet §1332's $75,000 amount in controversy requirement.

Defendants also allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted, although Defendants' Motion offers no independent support for this allegation. In order to state a claim for declaratory judgment, the declaratory judgment plaintiff "must present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement."[19] "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[20] The Court has little question that Plaintiff's allegations of misconduct by the Webb Defendants, combined with the claims of the Webb Defendants and the claims of Defendant Speed, present a very real and immediate controversy between parties with clearly adverse interests and that this controversy warrants issuance of a declaratory judgment.

---

action, as a non-party to a lawsuit is generally not bound by a court's decisions. *See* Response at 9-10, Docket No. 13 (*citing Fent v. Oklahoma Natural Gas Co*, 1994 OK 108, ¶15, 898 P.2d 126, 133 (issue preclusion cannot be made binding on anyone unless the party against whom earlier decision is interposed had "full and fair opportunity" to litigate critical issue in earlier case); *Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974) ("[W]e have previously supported the view that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties")). Here, although Defendant Speed has no contractual relationship with Plaintiff and is not the subject of Plaintiff's primary claim, he is, at a minimum, tangentially interested in the suit's result and therefore a necessary party.

[19]*Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir.2008).

[20]*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

## CONCLUSION

For the above reasons, Defendants Chad Wayne Webb, Boyd Allen Webb, II, and Oklahoma Cargo Transport, L.P.'s Combined Motion and Brief in Support of Motion to Dismiss is **DENIED**. [21]

IT IS SO ORDERED this 16th day of May, 2012.

*[signature: James H. Payne]*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[21] Docket No. 6.