IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PROGRESSIVE NORTHERN INSUREANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) |
| **CHAD WAINE WEBB; BOYD ALLEN WEBB, II; OKLAHOMA CARGO TRANSPORT, LP; and HAROLD DEAN SPEED, JR., d/b/a SILVER DOLLAR BOATS,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

Case No. 11-CV-460-JHP

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Dismiss Defendants' Chad Waine Webb, Boyd Allen Webb, II, and Oklahoma Cargo Transport, LP's (the "Webb Defendants") Counterclaim [Doc. No. 39]; the Webb Defendants' Response to Plaintiff's Motion to Dismiss [Doc. No. 42]; and Plaintiff's Reply to the Webb Defendants' Response [Doc. No. 44]. After review of the briefs, and for the reasons stated below, Plaintiff's Motion to Dismiss is **GRANTED**.

**BACKGROUND**

On December 27, 2011, Plaintiff brought the instant action seeking a "declaration that it may deny any and all claims arising from the alleged theft of June 1, 2011." [Doc. No. 2]. On December 19, 2012, the Webb Defendants filed their Amended Motion for Leave to File Counterclaim [Doc. No. 34], which was subsequently granted by this Court [Doc. No. 35]. That same day, the Webb Defendants filed their Counterclaim asserting a bad faith tort claim against Plaintiffs. [Doc. No. 36].

1

## DISCUSSION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir.2007) (internal quotation omitted).

In their counterclaim, Defendants assert a bad faith tort claim, alleging that Plaintiff acted in bad faith. Under Oklahoma law,

> [T]he elements of a bad faith claim against an insurer for delay in payment of first-party coverage are: (1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. The absence of any one of these elements defeats a bad faith claim.

*Ball v. Wilshire Ins. Co.,* 221 P.3d 717, 724 (Okla. 2009) (footnotes omitted).

In a bad faith tort action, "[t]he critical question ... is whether the insurer had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding or delaying payment under the policy." *Id.* at 725 (brackets and quotation marks omitted); *see also Garnett v. Gov't Emps. Ins. Co.,* 186 P.3d 935, 944 (Okla. 2008) ("A central issue is

whether the insurer had a good faith belief in some justifiable reason for the actions it took or omitted to take that are alleged to be violative of the duty of good faith and fair dealing.").

Plaintiff contends that the Webb Defendants have failed to plead facts sufficient to state a claim for a bad faith tort under Oklahoma law.[1]  In their counterclaim, Defendants allege the following facts:

> Progressive has filed a declaratory judgment action in this Court representing that the Defendants have 'knowingly made material misrepresentations, concealed material facts and/or engaged in fraudulent conduct in connection with the presentation of the claim at Issue.'  Progressive has denied coverage and seeks an Order from this Court determining no coverage.

[Doc. No. 36] (internal citations omitted).  The remainder of the Webb Defendants' counterclaim consists of legal conclusions.

After reviewing the Webb Defendants' counterclaim, the Court finds that Defendants failed to state a claim for a bad faith tort under Oklahoma law.  The Webb Defendants' allegations are conclusory in nature and are unsupported by factual allegations sufficient to survive a Plaintiff's motion to dismiss.  In addition, the mere fact that Plaintiff initiated this action is insufficient to demonstrate a bad faith claim. *See Garnett*, 186 P.3d at 944.[2]  Accordingly, the Webb Defendants' counterclaim must be dismissed.[3]

---

[1] The Court declines to consider the December 5, 2011, and December 9, 2011 letters attached to Defendants' Response.  [Doc. No. 42, "Exhibit A"].  The Court recognizes that Rule 12(b) provides that "[i]f, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Because the exhibits listed above and discussed by the Webb Defendants were neither attached to, nor incorporated by reference in, the Webb Defendants' Counterclaim, however, such exhibits constitute "matters outside of the pleading." *See Torres v. First State Bank of Sierra County,* 550 F.2d 1255, 1257 (10th Cir.1977) ("When matters *outside of the record* are presented and not excluded, the court must treat the motion as one for summary judgment and proceed under Rule 56.") (emphasis added). Accordingly, the Court declines to consider these documents.

[2] "It is not a breach of the duty of good faith for an insurer to resort to a judicial forum to settle legitimate disputes as to the validity or amount of an insurance claim." *Garnett,* 186 P.3d at 944 (footnotes omitted).

[3] Although the Court has doubts as to whether the Webb Defendants may point to Plaintiff's litigation conduct in support of a bad faith claim under the circumstances of this case, the Court declines to address this issue because Plaintiff's Motion to Dismiss is granted on other grounds.

## CONCLUSION

After review of the briefs, and for the reasons outlined above, Plaintiff's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED** this 22nd day of February, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma